## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**DERRICK ARTHUR BURDETTE**                                    **PLAINTIFF**

**v.**                                    **No. 4:23CV140-JMV**

**MISSISSIPPI PAROLE BOARD**                                    **DEFENDANT**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Derrick Arthur Burdette, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the Mississippi Parole Board violated his right to due process by revoking his parole without first holding revocation hearing. In addition, he alleges that the Parole Board violated his right to equal protection by releasing others on parole who were serving sentences for more serious crimes, while refusing to grant his requests for parole.

On October 17, 2023, the court ordered Burdette to show cause why the instant case should not be dismissed for failure to state a claim upon which relief could be granted. Doc. 11. Burdette responded to the order on November 6, 2023, and the matter is ripe for resolution. For the reasons set forth below, the court finds that the plaintiff has not shown cause, and the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### The Plaintiff's Response to the Show Cause Order

The plaintiff's response to the court's show cause order centered around his good behavior and notable accomplishments during his 13-year incarceration within the Mississippi Department of

Corrections.  During that time, he completed his GED, graduated from Mississippi Delta Community College, completed MRT (Moral Reconation Therapy), Long-term Alcohol and Drug Program, Short-term Alcohol and Drug Program, and took classes in English and U.S. History.  In addition, he has accumulated four years of meritorious earned time.  He also restated the reasons the Parole Board gave for denying parole:  the "serious nature of offense[s]" (possession of cocaine and manslaughter); "further investigation required;" not ready, socially or mentally; lacking educational resources to be successful on parole.  The plaintiff argues that the parole board has not held a hearing and thus could not accurately determine his emotional or mental state.  He also argued and that he had completed his GED and earned a college degree while in prison – which runs counter to the Parole Board's contention that he lacked education.  However, as discussed below, decision in his case is driven not by the seriousness of Burdette's offense or his behavior during his stay in prison – but on the nature of parole in Mississippi.

### Claims Regarding Actions of the Parole Board

The plaintiff's § 1983 claims based upon the violation of state law must be dismissed for failure to state a claim upon which relief could be granted; violation of state law does not, alone, give rise to a cause of action under § 1983.  *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982).  Next, the Due Process Clause provides protection only from those state procedures which imperil a protected liberty or property interest.  *Olim v. Wakinekona*, 461 U.S. 238, 250-51, 103 S. Ct. 1741, 1748, 75 L. Ed. 2d 813 (1983).  Thus, unless the Mississippi statutes governing parole afford prisoners a liberty or property interest, they cannot bring a procedural or substantive due process challenge to the actions of the parole board.  *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  Mississippi parole statutes do not bestow a liberty or property interest to prisoners; hence, Mississippi prisoners cannot challenge decisions of the parole board on due process grounds.  *See Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984).

- 2 -

As such, the plaintiff's due process allegations against the Parole Board should be dismissed for failure to state a claim upon which relief could be granted.

The plaintiff's other claim, equal protection, likewise fails, as he has not identified "two or more relevant persons or groups" which the government has classified and treated differently, to his detriment.[1]  Thus, this allegation must also be dismissed for failure to state a valid § 1983 claim.  *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996).  In sum, all of the plaintiff's allegations must be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii).

**SO ORDERED**, this, the 14th day of November, 2023.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff merely makes the bare allegation that "other inmates [have] been let out with [more] severe charges than I …."  Doc. 1 at 3.  He makes a similar assertion elsewhere in his complaint.  Doc. 1 at 5.